Richard BAYUS, Plaintiff—Appellant,

v.

NORDSTROM, INC., A Washington Corporation, Defendant— Appellee.

No. 06–35031.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2007 *.

Filed Dec. 26, 2007.

Kevin Lafky, Esq., Mindy Stannard, Esq., Lafky & Lafky, Salem, OR, for Plaintiff–Appellant.

Thomas W. Sondag, Esq., David G. Hosenpud, Esq., Lane Powell, P.C., Portland, OR, for Defendant–Appellee.

Before: O'SCANNLAIN, GRABER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Richard Bayus appeals from the district court's summary judgment for his former employer, Nordstrom, Inc., in his action alleging gender and age discrimination and wrongful constructive discharge. Because the facts and procedural history are known to the parties, they are repeated herein only as necessary.

Bayus first argues that Nordstrom's failure to promote him to an assistant manager position constituted gender discrimination in violation of Title VII and Oregon Revised Statute § 659A.030(1)(b).[1] It is uncontroverted that Bayus was offered an opportunity to interview for the assistant manager position but declined it, and that the position was still open when he re-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. "The standard for establishing a prima facie case of discrimination under Oregon law is identical to that used in federal law." *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir.2001).

signed.[2] Because he cannot demonstrate that he was "denied a promotion," *Coghlan v. Am. Seafoods Co. LLC,* 413 F.3d 1090, 1094 (9th Cir.2005), he failed to establish a prima facie case of gender discrimination under federal and state law.

Bayus next argues that Nordstrom discriminated against him on the basis of age in violation of the Age Discrimination in Employment Act and Oregon Revised Statute § 659A.030(1)(b). With respect to his failure-to-promote claim, he cannot establish a prima facie case because he was never rejected by Nordstrom. With respect to his constructive discharge claim, even "[a]ccepting all of [his] allegations as true, his working conditions were not so intolerable and discriminatory that a reasonable person would feel forced to resign." *Schnidrig v. Columbia Mach., Inc.,* 80 F.3d 1406, 1412 (9th Cir.1996). That he was disappointed because he thought he was being passed over for a promotion does not demonstrate that his "job conditions [were] worse than those which a reasonable person could tolerate." *Poland v. Chertoff,* 494 F.3d 1174, 1185 (9th Cir. 2007).

Because Bayus cannot show that his "working conditions were so intolerable that a reasonable person in [his] position would have resigned because of them," *McGanty v. Staudenraus,* 321 Or. 532, 901 P.2d 841, 856–57 (1995), he also fails to establish a wrongful constructive discharge under Oregon law.

For the foregoing reasons, the district court did not err in granting summary judgment to Nordstrom on all of Bayus's claims. Accordingly, the district court's grant of summary judgment is

**AFFIRMED.**

---

**2.** Bayus relies on inadmissible hearsay to attempt to create a genuine issue of material fact as to whether the position was still open at the time of his resignation. The district court properly refused to consider this hearsay evidence, *Orr v. Bank of Am., NT & SA,* 285 F.3d 764, 773 (9th Cir.2002), and Bayus's failure to contest the exclusion of evidence in his opening brief constitutes a waiver of the issue on appeal, *see Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999). At any rate, Bayus admitted in his deposition that the position was still open when he left the company.

